UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

VALLEY WOODFORD,

Plaintiff,

Versus                                        Civil Action No.

EDUCATIONAL CREDIT MANAGEMENT          JUDGE
CORPORATION, EXPERIAN                   MAGISTRATE-JUDGE
INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,                       **JURY DEMANDED**

                        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes VALLEY WOODFORD,

Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this

Honorable Court against defendants, EDUCATIONAL CREDIT MANAGEMENT

CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION,

LLC, jointly, severally, and in solido to the maximum possible extent, as set forth in the

following complaint, as follows:

**PLAINTIFF**

1.

Plaintiff, VALLEY WOODFORD, is a major domiciliary of Dubberly, Webster Parish,

Louisiana, and a victim of credit reporting and collection violations, as well as false credit

reportings.

**DEFENDANTS**

2.

Made Defendants herein are:

* EDUCATIONAL CREDIT MANAGEMENT CORPORATION, which may also herein after be referred to as "ECMC," a foreign corporation not authorized to do but doing business in the State of Louisiana, which may be served with summons and complaint through its President/CEO, located at 1 Imation Place, Building 2, Minneapolis, Minnesota 55218; and

* EXPERIAN INFORMATION SOLUTIONS, INC., which may also herein after be referred to as "EXPERIAN," a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served with summons and complaint through its registered agent: CT CORPORATION SYSTEM, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816; and

* TRANS UNION, LLC, which may also herein after be referred to as "TRANS UNION," a foreign limited liability company authorized to do and doing business in the State of Louisiana, which may be served with summons and complaint through its registered agent: THE PRENTICE-HALL CORPORATION SYSTEM, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

## JURISDICTION OF THE COURT and VENUE

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. 1331; 15 U.S.C. 1681, et. seq.   Plaintiff also shows that diversity of citizenship subject matter jurisdiction exists as defendants are not incorporated in Louisiana nor do they maintain their principal place of business in Louisiana and Trans Union has no members which are Louisiana domiciliaries.   Further, the matter in controversy exceeds $75,000.00,

exclusive of costs and interest. 28 U.S.C. 1332. Plaintiff also asserts claims for relief under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue is proper in this District as the Defendants reside in this judicial district. 28 U.S.C. 1391[b],[c].

**REQUEST FOR TRIAL BY JURY**

4.

Plaintiff requests a trial by jury.

**REQUEST FOR STATUTORY DAMAGES**

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, statutory damages may be awarded against the Defendant ECMC under the provisions of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act and against the Defendants EXPERIAN and TRANS UNION under the provisions of the Fair Credit Reporting Act.

**REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES**

6.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the against the Defendant ECMC under the provisions of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and states' laws, and against the Defendants EXPERIAN and TRANS UNION under the provisions of the Fair Credit Reporting

Act and states' laws.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

7.

Plaintiff respectfully requests that this Honorable Court award plaintiff her litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

## GENERAL FACTUAL BASIS

8.

Plaintiff is a consumer.

9.

Defendant ECMC is a furnisher as set forth in and regulated by the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

10.

Defendants EXPERIAN and TRANS UNION are consumer reporting agencies as set forth in and regulated by the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

11.

Defendant ECMC is also a debt collector as set forth in and regulated by the Debt Collection Practices Act, 15 U.S.C. 1692, et. seq.

12.

Defendant ECMC is engaged in acts of debt collection and is trying to collect an alleged debt from plaintiff.

13.

Plaintiff was contacted by defendant ECMC about student loan collection accounts allegedly bearing plaintiff's identifiers.

14.

Defendant ECMC has been reporting two student loan collection accounts about plaintiff even though plaintiff has no connection whatsoever to those accounts.

15.

Defendant ECMC has been reporting information to the national consumer [credit] reporting agencies about plaintiff, over and over each and every month, and claimed that plaintiff owed more than $37,000 in delinquent student loans.

16.

Plaintiff has no student loans nor has she guaranteed any such student loans.

17.

After learning of the collection claims and false credit reportings by Defendant ECMC, plaintiff retained counsel and, on February 14, 2019, plaintiff contested the false credit reportings by Defendant ECMC to the national consumer reporting agencies, Experian Information Solutions, Inc., Trans Union LLC, Innovis Data Solutions, Lexis Nexis Risk Solutions, and Equifax Information Services, LLC.

18.

Plaintiff's written dispute letter was received by each of the national consumer reporting agencies and those agencies immediately sent automated consumer dispute verification notices to Defendant ECMC.

19.

Plaintiff's dispute letter clearly explained, inter alia, these facts and disputes:

[a]     Plaintiff is Valley Woodford formerly Valley McClinton;

[b]     Plaintiff's address is 690 Garrett Rd., Dubberly, Louisiana 71024;

[c]     Plaintiff's date of birth is 5/12/1950;

[d]     Plaintiff's name is NOT "Vally McClinton Woodford";

[e]     Plaintiff was not born in 1969;

[f]     Plaintiff does not live in California;

[g]     Plaintiff has information appearing in Plaintiff's credit files which should not be reported

        about her.

[h]     Plaintiff believes that her identity was stolen and misused to commit application fraud,

        including student loans;

[i]     Plaintiff has never had any student loan nor has she been a surety for any student loan;

[j]     Plaintiff does not know the defrauder, assuming that is the case and not simply a mixed

        file issue;

[k]     Plaintiff contested any reportings by "Educational Credit Management Corporation

        [ECMC] - any account number - This account does not belong to my client.  She did not

        apply for any such credit, account nor does she have any other relation to this account or

        reporting.  She believes the reporting may involve application fraud but she is certain that

        it is being wrongfully reported about her.  Please expedite deletion and suppression of this

        account from my client's reports and files.  See [attached] prior Affidavit and papers she

        supplied back in 2012.  She has repeatedly and consistently advised Educational Credit

Management Corporation [ECMC] that she did not apply for any such loans or credit and has no involvement."

20.

Each of the national consumer reporting agencies provided defendant ECMC with plaintiff's disputes and demanded reinvestigation and response.

21.

Defendant ECMC responded to plaintiff directly on December 3, 2019, and stated that it would not cease collection activities and the pursuit of plaintiff

22.

Though not required by law or otherwise, Defendant ECMC illegally demanded that plaintiff file some form of legal action and "obtain a court verdict or judgment that conclusively finds that she [plaintiff] was a victim of identity theft…"

23.

Defendant ECMC had already responded to each of the national consumer reporting agencies claiming that it had verified its earlier credit reportings about plaintiff over and against the disputes of plaintiff.

24.

Despite ECMC's failure to conduct any reinvestigation and simply responding "verified" as reported to the national consumer reporting agencies, several of those agencies still deleted the false ECMC reportings about plaintiff however EXPERIAN and TRANS UNION chose to continue reporting the false and damaging credit reportings by ECMC as pertaining to plaintiff.

25.

On November 26, 2019, EXPERIAN sent plaintiff a disclosure report bearing the false and damaging credit reportings by ECMC as pertaining to plaintiff.

26.

On November 30, 2019, TRANS UNION sent plaintiff a disclosure report bearing the false and damaging credit reportings by ECMC as pertaining to plaintiff.

27.

Defendant ECMC failed to properly reinvestigate and correct its reportings and, instead, insisted that plaintiff owed more than $37,000.00, and demanded that the agencies continue to [falsely] report that sum as the alleged indebtedness of plaintiff to defendant ECMC.

28.

As a contractual agent and symbiotic partner of ECMC, EXPERIAN and TRANS UNION have continued to publish the false credit reportings about plaintiff to third parties, as listed in the "Inquiries" portion of plaintiff's credit file and those third parties refused to provide credit to plaintiff and plaintiff suffered instances of adverse action and damages.

29.

Defendant ECMC utilizes a monthly reporting mechanism to the national consumer reporting agencies and each separate reporting of a false information constituted a violation of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, post-reinvestigation demand and re-verifying the disputed, inaccurate credit reportings as described herein.

30.

As plaintiff applied for credit, the potential creditors accessed plaintiff's consumer report

from EXPERIAN and TRANS UNION.

31.

The creditors considered the content of the consumer reports in deciding to deny credit to plaintiff and the report contained the false credit reporting by defendants, which had been previously contested and, yet, verified by defendant ECMC and kept on file by EXPERIAN and TRANS UNION, over and against the disputes of the plaintiff.

32.

The presence of the defendants' false credit reportings on the face of the EXPERIAN and TRANS UNION consumer reports were substantial factors, if not sole factors, in causing the denials of credit and instances of adverse action.

33.

Plaintiff sustained damages as a consequence and result of defendants' false credit reportings.

34.

The potential creditors advised plaintiff of the credit denials and reasons for the denials.

35.

Plaintiff's credit, credit reports and ratings were good prior to the events described herein.

36.

Despite diligent and costly efforts by Plaintiff, her credit reports continued to contain the false and damaging information reported by defendants.

37.

Plaintiff has suffered damages due to the tortious and illegal actions or inactions directed

at Plaintiff by Defendants.

38.

Plaintiff made good faith efforts and attempts to resolve the disputed credit reporting

matters with defendants to no avail.

39.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false

and inaccurate information concerning plaintiff with reckless disregard for the truth.

40.

Defendants' publishing of such false and inaccurate information has severely damaged

the personal and consumer reputation of plaintiff and caused severe humiliation, and emotional

distress and mental anguish.

41.

Defendants were notified of the false credit reportings and improper collection claims,

once plaintiff became aware, however, defendants continued to issue and/or publish

report(s)which contained erroneous, inaccurate and false information about the plaintiff and

continued in its illegal collection campaign.

42.

Consumer reporting agencies, on multiple occasions, advised defendant ECMC that

plaintiff disputed the false credit reportings.

43.

Despite receipt of the same dispute a number of times, defendant ECMC repeatedly

reported the false, derogatory information to third persons.

44.

According to the consumer reporting agency reports, defendant ECMC continued to falsely report about plaintiff.

45.

Defendants continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiff, as described more fully herein.

46.

Defendants are aware that the false credit reportings and activities would [and will] damage plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights she secured by honoring her obligations to her creditors.

## C O U N T S

### COUNT 1 - NEGLIGENCE

47.

Defendants owed duties of reasonable care to plaintiff.

48.

Defendants failed to exercise reasonable care and prudence in the reporting and collection of the disputed claims, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this Lawsuit, and which consequently caused damaged plaintiff.

## COUNT 2 - DEFAMATION

49.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

50.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

51.

Defendants were notified of inaccuracies by plaintiff however the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

52.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - FAIR CREDIT REPORTING ACT, 1681s-2[b]

53.

Consumer reporting agencies advised Defendant ECMC that plaintiff disputed the subject false credit reportings.  Each separate notice triggered duties under section 1681s-2[b].

54.

Despite receipt of the same dispute a number of times, Defendant ECMC failed to reinvestigate the disputes, properly assess the false reportings, failed to properly respond with

truthful information, and/or repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

55.

According to the national consumer reporting agencies' reports, in each instance, defendant ECMC continued to falsely report about plaintiff.

56.

Defendant ECMC likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

57.

Rather, Defendant ECMC continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

58.

Defendant ECMC failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

59.

Defendant ECMC failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

60.

Defendant ECMC, on many occasions, failed to advise the consumer reporting agencies of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about plaintiff.

61.

Defendant ECMC was well aware that its reportings and activities would [and will] damage plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights she secured by honoring her obligations to her creditors.

**COUNT 4 - FAIR DEBT COLLECTION PRACTICES ACT, 1692e**

62.

Defendant ECMC is a debt collector.

63.

Defendant ECMC repeatedly published false information about plaintiff to third parties, including the consumer reporting agencies and to other users of those agencies' consumer reporting services.

64.

It is a violation of Section 1692e to falsely represent the debt owed.

65.

Defendant ECMC also made illegal demands upon plaintiff.

66.

Defendant likewise willfully, or alternatively, negligently, violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692e.

**COUNT 5 - FAIR DEBT COLLECTION PRACTICES ACT, 1692f**

67.

Defendant ECMC is a debt collector.

68.

Defendant ECMC repeatedly used unfair and unconscionable means to attempt to collect a debt in violation of Section 1692f.

69.

It is a violation of Section 1692f to attempt to collect a debt by falsely representing the debt owed and reporting it, as such, to numerous third persons.

70.

Defendant ECMC willfully, or alternatively, negligently, violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692f.

## COUNT 6 - PROPERTY DAMAGE and IMPAIRMENT OF CREDIT RATING

71.

Defendants have negligently, or alternatively with willful intent to injure or maliciously, damaged plaintiff's property rights in her credit reports and reputation and standing in the community.

## COUNT 7 - INFLICTION OF EMOTIONAL DISTRESS

72.

Defendants have caused plaintiff to suffer emotional distress and mental anguish.

Defendants have negligently or, alternatively, with willful intent to injure or maliciously, caused plaintiff to suffer emotional distress and mental anguish by marring her credit reports, reputation and standing in the community.

**COUNT 8 - INJUNCTIVE RELIEF**

73.

Defendants, through their actions, inactions and fault, as described herein, caused great

and irreparable injury to Plaintiff.

74.

Plaintiff is entitled to an order commanding the defendants to reinvestigate and correct

the credit reportings and other information maintained and published about plaintiff.

**COUNT 9 - FAIR CREDIT REPORTING ACT, 1681e[b]**

75.

Defendants EXPERIAN and TRANS UNION are consumer reporting agencies as defined

in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

76.

Defendants EXPERIAN and TRANS UNION prepared, issued, assembled, transferred

and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit

Reporting Act. 15 U.S.C. 1681a.

77.

Defendants EXPERIAN and TRANS UNION maintain contracts with smaller affiliate

bureaus and legal and contractual agents, wherein they share data and other assets.

78.

Defendants EXPERIAN and TRANS UNION allow their respective credit reporting

databases, which take in, warehouse, maintain and manipulate data supplied by their respective

subscribers, to be accessed by their respective affiliated bureaus and subscribers.

79.

Defendants EXPERIAN and TRANS UNION have repeatedly reported false, negative information in the form of consumer reports and attributed said false, negative data to plaintiff.

80.

Defendants EXPERIAN and TRANS UNION failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

80.

Defendants EXPERIAN and TRANS UNION has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff and furnishers that such information was inaccurate.

81.

Defendants EXPERIAN and TRANS UNION have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681e[b], on multiple occasions.

**COUNT 10 - FAIR CREDIT REPORTING ACT, 1681i[a]**

82.

Plaintiff advised Defendants EXPERIAN and TRANS UNION of the false data and demanded that the data be removed from her consumer reports and data files.

83.

Defendants EXPERIAN and TRANS UNION failed to properly reinvestigate plaintiff's disputes and defendant EXPERIAN and TRANS UNION continued to prepare and publish false consumer reports.

84.

Defendants EXPERIAN and TRANS UNION chose to leave disputed, false data as attributable to plaintiff.

85.

Defendants EXPERIAN and TRANS UNION failed to use reasonable procedures to reinvestigate plaintiff's disputes and, likewise, took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

86.

Defendants EXPERIAN and TRANS UNION failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendants EXPERIAN and TRANS UNION, respectively, and relayed for further use, reliance and publication by their respective subscribers.

87.

Defendants EXPERIAN and TRANS UNION failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on plaintiff's consumer reports and as contained in their respective consumer

reporting data banks, as required by the Fair Credit Reporting Act.

88.

Further, Defendants EXPERIAN and TRANS UNION sent alleged reinvestigation results to plaintiff which evidenced their respective decision to merely mimic their furnisher's alleged replies to the inadequate alleged reinvestigations by defendants EXPERIAN and TRANS UNION.

89.

Defendants EXPERIAN and TRANS UNION have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a], on multiple occasions.

## ADDITIONAL ALLEGATIONS

90.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff.

91.

Defendants' violations and false credit reportings and collection activities directed at plaintiff have been a substantial factor in causing credit denials and other damages.

92.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, adverse action instances, costs and time of efforts to repair her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of

personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PLAINTIFF, VALLEY WOODFORD, PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC, jointly, severally, and in solido to the maximum possible extent, as follows:

1)  That there be Judgment in favor of VALLEY WOODFORD and against Defendants for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action instances, costs and time of efforts to repair her credit, credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2)  That this Honorable Court order Defendants to reinvestigate and correct the credit reports, data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

FURTHER PRAYS for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak, LLC**

By:

———————————————————

**David A. Szwak, La.BR #21157, TA**
416 Travis Street, Ste. 1404
Mid South Tower
Shreveport, Louisiana 71101
(318)  424-1400
FAX 221-6555
**Counsel for Plaintiff**